UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HADIZA I. WADA,

    Plaintiff,

     v.

KENNETH Y. TOMLINSON, Chairman,
Broadcasting Board of Governors,

    Defendants.

Civil Action No. 03-1488 (CKK)

**MEMORANDUM OPINION**
(March 6, 2006)

On April 12, 2005, Plaintiff filed a [38] Motion to Request an Investigation into certain actions taken by and relationships between the various attorneys who previously represented Plaintiff in this action and other entities related to this case. In addition for her request that this Court order an investigation, Plaintiff also requested that this Court "order the agency to immediately respond to the subpoenas and requests for the production of crucial documents that were timely served within the Discovery period." Pl.'s Mot. to Req. Invest. at 5. On April 20, 2005, Defendant filed both an Opposition to Plaintiff's Motion, and a corresponding [39] Motion to Seal Plaintiff's filing. Plaintiff filed a Response to Defendant's Opposition and Motion to Seal on May 2, 2005.

Problematically, Plaintiff fails to cite to any law which allows the Court to order that an investigation of Plaintiff's allegations relating to her former counsel be conducted. The District Court has a mechanism by which allegations of attorney misconduct can be investigated – i.e., the Committee on Grievances established by Local Civil Rule 83.14. Local Civil Rule 83.14(b) provides that the Committee on Grievances "shall be charged with receiving, investigating,

considering and acting upon complaints against all attorneys subject to these rules." *See* LCvR

83.14(b). Pursuant to Local Civil Rule 83.16(d)(1),

> Any person seeking to charge an attorney subject to the Rules with any act or
> omission which may justify disbarment, suspension, censure, reprimand or other
> discipline shall do so in writing, subscribed and under oath or affirmed under penalty
> of perjury pursuant to United States Code, Title 28, Section 1746. The Complaint
> shall be presented to the Committee by lodging it with the Clerk to the Committee.
> The Committee shall have the inherent power without any formal Complaint to
> inquire into misconduct of attorneys subject to these Rules.

*See* LCvR 83.16(d)(1). Once a charge is filed with the Committee on Grievances, the Committee

thereupon reviews the complaint to determine whether further action is appropriate. *See* LCvR

83.16(d)(3). Accordingly, given that Plaintiff's Motion to Request an Investigation into her former

attorneys' actions and connections is properly dealt with by Plaintiff making a charge to the

Committee on Grievances pursuant to Local Civil Rule 83.16(d)(1), and <u>not</u> by filing a motion with

this Court, Plaintiff's Motion to Request an Investigation in this Court must be denied.

Moreover, Local Civil Rule 83.14(d) requires that "[a]ll proceedings before the Committee

involving allegations of misconduct of an attorney and all documents and charges presented to the

Committee shall remain confidential and privileged." *See* LCvR 83.14(d). Pursuant to this Rule,

the Court shall grant Defendant's Motion to Seal Plaintiff's Motion to Request an Investigation, and

the Clerk of this Court is to leave only the redacted version of Plaintiff's motion, as attached to

Defendant's Motion to Seal, on the public docket in this case.

Finally, to the extent that Plaintiff's Motion to Request an Investigation requests that this

Court order Defendant to respond to subpoenas and requests for production that were somehow left

unattended during the initial discovery phase in this case, the Court notes that this request has been

mooted by Plaintiff's June 6, 2005 Motion to Request Documents Related to and in Support of

Plaintiff's Argument of Retaliation and Discrimination, subsequent hearings before Magistrate

Judge Alan Kay, and Magistrate Judge Kay's various discovery-related decisions since the filing of

Plaintiff's Motion to Request an Investigation.

In sum, the Court shall deny Plaintiff's Motion to Request an Investigation and shall grant

Defendant's Motion to Seal.  An Order accompanies this Memorandum Opinion.


Date:   March 6, 2006


                                        _____/s/_____
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge